JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a trial to the bench, defendant-appellant, Nathaniel Sanders, was convicted of assault in violation of R.C. 2903.13(A). He now appeals his conviction, arguing, in a single assignment of error, that his conviction was against the manifest weight of the evidence. We are unpersuaded.
When reviewing a weight-of-the-evidence question, an appellate court must review the entire record in this case, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1] After reviewing the record in this case, we hold that the trial court did not lose its way and create a manifest miscarriage of justice.
Although there was conflicting testimony regarding whether Sanders struck the victim, Donita Shields, it was uncontested that the two had been engaged in a scuffle and that Sanders had held Shields down on the floor. Shields testified that Sanders struck her in the face with such force that it fractured her jaw. Sir Daniels Fleming, a witness, testified that he saw Sanders raise his hand, but did not see if Sanders struck Shields. Police Officer Blackwell, Fleming, and Luwell Brandy, an employee of Sanders, all testified that Shields had an injury to her face, albeit slight. But it was uncontested that Shields suffered a fractured jaw. In light of the fact that Sanders was a former professional boxer, weighing over 280 pounds, and the victim was 5 feet 4 inches tall and weighed only 135 pounds, we cannot say that the trial court lost its way in determining that Sanders had fractured Shields's jaw by punching her.
Accordingly, the single assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.